## McMAHON v. ISAAC SCHNEER'S SON & CO.

(Supreme Court, Appellate Division, First Department.    November 3, 1911.)

MASTER AND SERVANT (§ 276*)—INJURY TO EMPLOYÉ—NEGLIGENCE—EVIDENCE —SUFFICIENCY.

    In an action for injury to an operator of a sewing and buttonhole machine, caused by unexpected descent of a knife, evidence *held* to sustain verdict for plaintiff.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 276.*]

Appeal from Trial Term, New York County.

Action by Catheryn McMahon against Isaac Schneer's Son & Co. From an order setting aside verdict for plaintiff and granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James B. Henney, for appellant.
Allan E. Brosmith, for respondent.

MILLER, J.   The plaintiff while in the employ of the defendant was injured by the unexpected descent of a knife on a combined sewing and buttonhole machine, as a result of which injury she lost the index finger on her right hand, and suffered a serious impairment in·· the use of the hand.   It is undisputed that she received the injury while attempting to remove the cutting blade from the machine pursuant to the directions of her forelady.   The machine had not been in use for some months prior to the accident, and there is no pretense that the plaintiff had any knowledge of the defect which, it is claimed, caused the injury.   It is also undisputed that a spring, designed to hold a brake against the flywheel so as to lock it, had become so stretched that it did not have sufficient tension to do its work.   An expert testified, without contradiction, that, with the spring in that condition, a slight jar or vibration would cause the machine to start and the knife to descend, whether the belt was on or off.   He also testified that, nine months before the accident, he examined the machines in the defendant's factory, pursuant to its request, and reported the condition of the particular machine in question to the defendant's ·superintendent.   It appears plain, from the evidence, that that machine ·was not used from that time until the plaintiff was directed to remove the knife from it, with the result already stated.

The defendant called two witnesses—one, to identify the machine upon which the plaintiff was injured; the other, to testify to an alleged admission, made by the plaintiff immediately after the accident, to the effect that it was caused by the plaintiff putting her foot on the treadle.   That witness was contradicted both by the plaintiff and by the forelady, who was present.   It appears from the representation of the machine in the record that a person engaged in removing the knife would be very unlikely to be in a position in which he could put his foot on the treadle.

While the proper exercise by the court of the power to set aside verdicts is salutary, and often necessary to prevent a miscarriage of justice, there must be some reasonable basis for the exercise of such power; and, as we are unable to discover any valid reason for interfering with the verdict in this case, it becomes our duty to reinstate it.

The order appealed from should be reversed, with costs, and the verdict of the jury reinstated.   All concur.